AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 7/17/25)    ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| LODGED |
|---|
| CLERK, U.S. DISTRICT COURT |
| 8/14/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____MMC_____ DEPUTY |

| FILED |
|---|
| CLERK, U.S. DISTRICT COURT |
| August 14, 2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____CLD_____ DEPUTY |

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MA DALONG,

    Defendant.

Case No.   2:25-MJ-05025-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Michael C. Flynn, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of June 2, 2021 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Removal |

This criminal complaint is based on these facts:
*Please see attached affidavit.*
☒ Continued on the attached sheet.

                                                                               /s/ Michael C. Flynn
                                                                   Complainant's signature

                                       Michael C. Flynn, Deportation Officer (ICE)
                                                                    Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   August 14, 2025

                                                                    Judge's signature

City and State:   Los Angeles, California        Hon. ALKA SAGAR, U.S. Magistrate Judge
                                                                         Printed name and title

SAUSA:   Elizabeth Bisland        Ext (0319)

## AFFIDAVIT

I, Michael C. Flynn, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for DALONG MA also known as "DAFEI MA", "JIAWN LI"("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER MICHAEL FLYNN

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since February of 2021. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office. While employed at ERO, I have training and experience reviewing immigration files, deportation and removal proceeding

documents, and executed final orders of removal, among other immigration related documents, process, and proceedings.

### III. TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

4. Based on my training and experience, I know the following:

    a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

    b. Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly INS), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been

lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

5.  Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process.  That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number.  A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

### IV. STATEMENT OF PROBABLE CAUSE

6.  On or about June 13, 2021, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on defendant's biometric fingerprint information that he was arrested by the Los Angeles Sheriff's Department "LASD" within the Central District of California, for Vandalism, in violation of California Penal Code 594(B)(1) a felony, Cultivate Marijuana plants 6+, in violation of Health & Safety Code 11358(C) a misdemeanor and Possession of a controlled substance, in violation of Health and Safety Code 11377(A) a misdemeanor.

Defendant is not currently in custody with "LASD" due to this arrest. ICE/ERO did not encounter defendant due to his arrest.

7.   I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices.  I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

8.   On or about August 12, 2025, I conferred with other law enforcement officers, including DHS personnel, and reviewed records associated to defendant's unique fingerprint identifier that are contained in DHS indices.  I learned the following about defendant's immigration history:

    a.   Defendant is a native of CHINA and citizen of MEXICO.

    b.   On or about December 23, 2017, defendant was served a Notice and Order of Expedited Removal on form I-860.

    c.   On or about December 23, 2017, defendant was removed from the U.S. to Mexico afoot through the Calexico Port of Entry on form I-296.

    d.   On or about March 01, 2025, defendant was arrested by the Monterey Park Police Department "MPPD" withing the Central District of California, for Robbery in violation of PC 211, a felony and Assault with a deadly weapon: not firearm, great bodily injury likely in violation of PC 245(A)(1), a felony.

4

   e. On or about August 9, 2025, defendant was arrested by ("MPPD") within the Central District of California, for outstanding warrant #24WCCM0247701, for Transport/sell controlled substance in violation of H&S 11352(A), a felony, possession of Identification of 10+ persons with intent to defraud in violation of PC 530.5(c)(3), a felony, receive known stolen property PC 496(A), a felony, smuggle contraband into jail PC 4573(A), a felony, giving false identification to Police Officer in violation of PC 148.9(A), a misdemeanor and Grand theft in violation of PC 487(A), a misdemeanor.

   f. There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal. Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

## V. CONCLUSION

9. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

5

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 14th day of August 2025.

_____
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE